**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4574**

———————

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

   v.

DESMOND ANTONIO HINES, a/k/a Head,

   Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Richard E. Myers, II, Chief District Judge.  (7:22-cr-00036-M-1)

———————

Submitted:  December 11, 2025                    Decided:  January 13, 2026

———————

Before GREGORY, WYNN, and BENJAMIN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Katherine S. Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2022, a federal grand jury charged Desmond Antonio Hines with possession with intent to distribute a quantity of cocaine base (Count 1), in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm and ammunition by a convicted felon (Count 2), in violation of 18 U.S.C. §§ 922(g)(1), 924. The charges were based on a November 2020 search of Hines's person following a traffic stop and a March 2022 search of Hines's girlfriend's residence. After unsuccessfully moving to suppress the evidence, Hines pled guilty without a plea agreement to Count 1, and a jury found Hines guilty of Count 2, following a two-day trial. The district court sentenced Hines to a total term of 196 months' imprisonment.

On appeal, Hines argues that (1) the warrantless search of his person in November 2020 was unreasonable, (2) the search warrant authorizing the March 2022 search was not supported by probable cause, and (3) his sentence is unreasonable. The Government responds that Hines waived the right to challenge the November 2020 search because he pled guilty to the related charge without a conditional plea agreement. The Government also contends that the March 2022 search warrant established adequate probable cause and that, regardless, the evidence recovered pursuant to the warrant was admissible under the good faith exception to the warrant requirement. Finally, the Government argues that the court committed no reversible sentencing errors. For the following reasons, we affirm.

A valid guilty plea prevents a defendant from appealing "the constitutionality of case-related government conduct that takes place before the plea is entered," including the validity of seizures and searches under the Fourth Amendment. *Class v. United States*, 583

2

U.S. 174, 182 (2018). An exception to that rule is available to a defendant who preserves his right to appeal an adverse ruling on a pretrial motion by entering a conditional guilty plea. *See* Fed. R. Crim. P. 11(a)(2); *United States v. Fitzgerald*, 820 F.3d 108, 110-11 (4th Cir. 2016). Here, however, Hines's guilty plea to Count 1 was unconditional, and he does not contest the validity of his plea. By entering his valid unconditional guilty plea, Hines waived his right to contest the denial of his motion to suppress the evidence obtained during the November 2020 searches. *See United States v. Buster*, 26 F.4th 627, 631 (4th Cir. 2022) ("The general rule is that a valid guilty plea waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." (citation modified)). Therefore, "the question of whether the district court erred in denying [Hines's] suppression motion is not properly before us." *Fitzgerald*, 820 F.3d at 113.

Hines next argues that the March 2022 search warrant was not supported by probable cause. Below, the district court rejected this argument and, in the alternative, held that the good faith exception to the exclusionary rule applied. *See United States v. Brunson*, 968 F.3d 325, 334 (4th Cir. 2020) ("[E]vidence 'seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective' is not subject to suppression, despite the existence of a constitutional violation." (*quoting United States v. Leon*, 468 U.S. 897, 905 (1984)). On appeal, Hines neglects to challenge the court's application of the good faith exception; consequently, he has waived appellate review of this issue, *United States v. Ebert*, 61 F.4th 394, 402 (4th Cir. 2023), so we need not consider the validity of the warrant.

3

Lastly, we turn to the reasonableness of Hines's sentence. Where, as here, a party preserves his claim of sentencing error by arguing for a sentence lower than the one the district court imposed, "we review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (citation modified)); *see United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010).

We first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Nance*, 957 F.3d at 212 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (citation modified). Any sentence below or within "a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation modified).

As to the procedural reasonableness of Hines's sentence, we discern no abuse of discretion by the district court. The court correctly calculated Hines's Guidelines range, considered the § 3553(a) factors, provided a meaningful explanation for the sentence that

4

it chose, and thoroughly addressed Hines's arguments for a lower sentence. *See Gall*, 552 U.S. at 49-51. Specifically, in explaining the sentence, the court addressed each party's arguments about the propriety of applying the Guidelines career offender enhancement to Hines's case, discussed the § 3353(a) factors, and noted various other evidence in the record that affected its view of the appropriate sentence. Based on its balancing of the circumstances of Hines's case and its desire to avoid unwarranted sentencing disparities, the court then reasonably determined that a slight downward variance was appropriate.

Finally, as for the substantive reasonableness of Hines's sentence, Hines has not rebutted the presumption of substantive reasonableness afforded to his below-Guidelines sentence. As stated, the district court assessed the various circumstances of Hines's case and reasonably arrived at a sentence of 196-months' imprisonment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*